# Exhibit 1

Hearing Date: 6/12/2024 10:30 AM
Location: Court Room 2102
Judge: Atkins, David B.

**12-Person Jury**

FILED
2/9/2024 5:26 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH00870
Calendar, 16
26355464

FILED DATE: 2/9/2024 5:26 PM   2024CH00870

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| EMMA BRANSON, on behalf of herself and all others similarly situated, | Case No. **2024CH00870** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| WOMBO STUDIOS, INC., | |
| Defendant. | |

### CLASS ACTION COMPLAINT

Plaintiff Emma Branson ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Wombo Studios, Inc. ("Wombo" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself, which are based on personal knowledge.

### NATURE OF ACTION

**A.     BIPA**

1.      Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing, and using Plaintiff's and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively, as "biometrics") without obtaining the requisite prior informed written consent or

---

[1] A "biometric identifier" is any personal feature that is unique to an individual, including but not limited to fingerprints, iris scans, DNA, and scans of "face geometry." 740 ILCS 14/10.

[2] "Biometric information" is any information that is captured, converted, stored, or shared based on a person's biometric identifier and used to identify an individual. *Id.*

FILED DATE: 2/9/2024 5:26 PM   2024CH00870

publishing the requisite data retention and destruction policies, in direct violation of BIPA. Defendant further violated BIPA by failing to obtain informed consent from her before disclosing or disseminating her biometrics to third parties such as Amazon Web Services.

2.     The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.     In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that:

   (1)     a private entity in possession of biometric identifiers or biometric information must publish a publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. *See* 740 ILCS 14/15(a).

   (2)     a private entity may not collect, capture, purchase, receive through trade, or otherwise obtain an individual's biometrics unless it:

      (1)     informs that person in writing that biometric identifiers or information will be collected or stored. *See* 740 ILCS 14/15(b)(1);

      (2)     informs that person in writing of the specific purpose and length of term for which such biometric identifier(s) or biometric information is being collected, stored, and used. *See* 740 ILCS 14/15(b)(2); and

      (3)     receives written consent from the person for the collection of his or her biometric identifiers or information. *See* 740 ILCS 14/15(b)(3).

   (c)     a private entity may not sell, lease, trade, or otherwise profit from a person's biometrics. *See* 740 15/15(c).

   (d)     a private entity may not disclose, redisclose, or otherwise disseminate a person's biometrics, except with the person's prior consent or under

FILED DATE: 2/9/2024 5:26 PM    2024CH00870

certain other limited circumstances. *See* 740 15/15(d)(1).

(e)     a private entity must store, transmit, and protect an individual's biometric identifiers and biometric information using the standard of care for its industry and other confidential and sensitive information. *See* 740 14/15(e).

**B.**     **Defendant's Biometric Collection Practices**

4.     In direct violation of each of the foregoing provisions of BIPA § 15(a), § 15(b), and § 15(d)(1), Defendant is actively collecting, storing, using, and disclosing the face geometry and associated personally identifying information of thousands of Illinois residents, who have used its iOS, Android, and web apps ("Apps") while located in Illinois, without providing notice, obtaining informed written consent, or publishing data retention policies.

5.     The Apps include:

(1)     "WOMBO - Make your selfies sing" – formerly available on iOS[3] and Android.[4] "WOMBO - Make your selfies sing" was released on or around February 23, 2021 for iOS[5] and March 10, 2021 for Android.[6] It was removed from the Apple App Store and Google Play Store on or around March 23, 2022.[7] In that span of time, it was downloaded at least 74 million times.[8]

(2)     "WOMBO Dream - AI Art Generator" – available on iOS,[9] Android,[10] and Wombo's website.[11] "WOMBO Dream - AI Art Generator" was

---

[3] https://apps.apple.com/app/id1531396120. *See also* https://web.archive.org/web/20210316031652/https://apps.apple.com/app/id1531396120.

[4] https://play.google.com/store/apps/details?id=com.womboai.wombo. *See also* https://web.archive.org/web/20230319005648/https://play.google.com/store/apps/details?id=com.womboai.wombo.

[5] https://apptopia.com/ios/app/1531396120/about.

[6] https://apptopia.com/google-play/app/com.womboai.wombo/about.

[7] *See, e.g.*, https://youtu.be/TNhZJZNzF6I. and https://youtu.be/h8O6MXkhSPk.

[8] https://aws.amazon.com/startups/learn/how-aws-supported-wombos-wildly-popular-ai-powered-app.

[9] https://apps.apple.com/us/app/wombo-dream-ai-art-generator/id1586366816.

[10] https://play.google.com/store/apps/details?id=com.womboai.wombodream.

[11] https://dream.ai/create. *See also* https://wombo.art.

3

FILED DATE: 2/9/2024 5:26 PM 2024CH00870

released on or around October 13, 2021 for iOS[12] and October 20, 2021 for Android.[13] It has been downloaded at least 60 million times and used to make at least 1.5 billion artworks.[14] Ben-Zion Benkhin, Wombo's founder and CEO, was interviewed by Google because "WOMBO Dream - AI Art Generator" was named a Google Play Best App of 2022.[15]

    (3)    "WOMBO Me - AI Avatar Maker" – available on iOS[16] and Android.[17] "WOMBO Me - AI Avatar Maker" was released on or around November 11, 2023 for iOS[18] and September 16, 2023 for Android.[19] It has been downloaded at least 47 million times.[20]

6.    The Apps include numerous features that allow users to digitally alter, and generate art based upon, photos of their faces ("Features"). The Features include:

    (1)    For "WOMBO - Make your selfies sing" – the ability to "add one selfie" photograph, "pick a song," and "bring [the] picture[] to life[,] . . . transform[ing the] picture[] . . . into quick and expressive . . . lip sync videos[]"[21] (i.e., "[m]ak[ing] your selfies sing"[22]).

    (2)    For "WOMBO Dream - AI Art Generator" – the ability to (1) "[c]reate art from images [by s]tart[ing] with an image as a visual base for" the "WOMBO Dream - AI Art Generator" to "[t]ransform" and "[t]urn . . . into . . . beautiful digital artworks using . . . enter[ed text] prompt[s]" of

---

[12] https://apptopia.com/ios/app/1586366816/about/.

[13] https://apptopia.com/google-play/app/com.womboai.wombodream/about.

[14] https://www.prnewswire.com/news-releases/wombos-dream-is-the-first-mobile-application-to-allow-ai-image-editing-through-text-301752148.html.

[15] https://play.google.com/store/apps/editorial?id=mc_apps_us_best_of_2022_dream_by_wombo_fcp. *See also* https://techcrunch.com/2022/11/30/bereal-and-a-i-art-tool-dream-by-wombo-top-google-plays-list-of-best-apps-in-2022/.

[16] https://apps.apple.com/us/app/wombo-me-ai-avatar-maker/id6463660444.

[17] https://play.google.com/store/apps/details?id=ai.wombo.me.

[18] https://apptopia.com/ios/app/6463660444/about.

[19] https://apptopia.com/google-play/app/ai.wombo.me/about.

[20] https://techcrunch.com/2023/11/30/makers-of-popular-dream-by-wombo-ai-app-launch-a-new-app-for-ai-avatars/.

[21] https://apptopia.com/ios/app/1531396120/about.

[22] https://web.archive.org/web/20210316031652/https://apps.apple.com/app/id1531396120.

FILED DATE: 2/9/2024 5:26 PM    2024CH00870

"whatever you want Dream to paint[.]"[23] And to (2) "[u]pload [a] selfie to create an avatar of yourself[]" and "[e]nter a prompt to inspire the generation process."[24]

(3)     For "WOMBO Me - AI Avatar Maker" – the ability to "transform[] . . . your headshot into lifelike avatars[]" using an "AI-driven face changer [that] effortlessly merges your image with diverse characters[]" based "on the persona[s] of celebrities, movie characters, [] superheroes" and more.[25]

7.      Once a user uploads a headshot or take a selfie in one of the Apps, Defendant's proprietary software extracts (captures, collects, or otherwise obtains) the user's biometric face geometry by scanning their face and creating a set of biology-based measurements used to identify each individual user. Defendant then possesses, stores, and uses this face geometry and related biometric information to digitally apply the *supra* Features (i.e., rendering a video of the user singing, creating art based on the user's face, and generating an avatar that approximates the user and their real facial features).

8.      Thus, Defendant captures, collects, possesses, stores, otherwise obtains, and/or uses the App users' face geometry and related biometric information. But Defendant does so without complying with BIPA's requirements.

9.      If Defendant's database of users' face geometry were to fall into the wrong hands, by data breach or otherwise, individuals to whom these sensitive biometric identifiers belong could have their identities stolen or their financial and other highly personal information breached and used for nefarious purposes.

10.     The risk is further exacerbated by Defendant's unlawful disclosure of users' biometrics, including to Amazon. Defendant admits on its website that "data we collect is  . . .

---

[23] https://apps.apple.com/us/app/wombo-dream-ai-art-generator/id1586366816.

[24] *See infra* figure of "WOMBO Dream - AI Art Generator." *See also supra* and *infra* details regarding the "WOMBO Me - AI Avatar Maker," in which avatar creation works much the same way.

[25] https://apps.apple.com/us/app/wombo-me-ai-avatar-maker/id6463660444.

FILED DATE: 2/9/2024 5:26 PM   2024CH00870

shared with third parties[.] . . . Amazon Web Services: We temporarily relay information about your facial features to enable the photo animation capabilities of WOMBO."[26]

11.    BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks inherent to the collection and storage of biometrics, and a right to know how long such risks will persist after their use of the Apps.  Yet Defendant:

    (1)    never published a publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. *See* 740 ILCS 14/15(a).

    (2)    collected, captured, or otherwise obtained App users' biometrics without:

        (1)    informing App users in writing that their biometric identifiers or information would be collected or stored.  *See* 740 ILCS 14/15(b)(1);

        (2)    informing users in writing of the specific purpose and length of term for which such biometric identifiers or biometric information were being collected, stored, and used.  *See* 740 ILCS 14/15(b)(2); and

        (3)    receiving written consent from App users for the collection of their biometric identifiers or information.  *See* 740 ILCS 14/15(b)(3).

    (3)    possessed and disclosed, redisclosed, and/or otherwise disseminated users' biometric identifiers and biometric information without:

        (1)    receiving the consent of users or their legally authorized representatives for this disclosure or redisclosure. *See* 740 ILCS 14/15(d)(1).

12.    Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Illinois residents, and to recover statutory damages for Defendant's unauthorized capture, collection, possession, storage, obtainment, and use of these individuals' biometrics in violation of BIPA.

---

[26] https://www.w.ai/privacy-policy.

FILED DATE: 2/9/2024 5:26 PM  2024CH00870

## PARTIES

13.     Plaintiff Emma Branson is, and has been at all relevant times, a resident and citizen of Chicago, Illinois, in Cook County, Illinois.  While located in Illinois, and numerous times, starting in or around November 2022, Plaintiff Branson utilized an App (specifically the "WOMBO Dream - AI Art Generator").  Plaintiff thus had her face geometry and related biometric information captured, collected, or otherwise obtained by Defendant as it scanned her face and created a set of biology-based measurements used to identify her.  Plaintiff's biometrics were also possessed, stored, and used by Defendant to digitally apply a Feature (creating art based on Ms. Branson's face) in the App.  Finally, Defendant disclosed, redisclosed, and/or disseminated Plaintiff's biometrics to Amazon and/or other third parties, without her consent.

14.     Defendant Wombo Studios, Inc. is a Delaware corporation with its principal place of business at 71 Charles Street East, Unit 1605, Toronto, Ontario M4Y 2T3.

## JURISDICTION AND VENUE

15.     The Court has personal jurisdiction over Defendant because the face geometry scans that give rise to this lawsuit were provided to Defendant in Illinois.  Defendant thus captured, collected, possessed, stored, otherwise obtained, and used biometrics in Illinois. Defendant also does significant business in Illinois and has purposefully availed itself of the privilege of doing business in Illinois.  Specifically, Defendant deliberately exploited the Illinois market via its sales and advertisements in Illinois – generating significant amounts of Illinois customers and revenue.  Further, Defendant consciously designed its Apps as to be usable and/or downloadable in Illinois.[27]  And the transactions giving rise to this action arise out of or relate to

---

[27] Defendant chose to forego implementing geo-fencing and/or geo-blocking features for its Apps to prevent Illinoisans' access.  *See, e.g.,* https://stackoverflow.com/questions/43738391/appstore-geo-restrict-app-to-specific-usa-states ("I want to publish an iOS application which should be available in specific USA states only. . . . The solution I could implement is to use each state's longitude and latitude to determine geofencing areas.");

FILED DATE: 2/9/2024 5:26 PM   2024CH00870

Defendant's business in Illinois.

16.     Venue is proper in this County pursuant to 735 ILCS 5/2-102(a) because
Defendant does substantial business in this County and a substantial part of the events giving rise
to Plaintiff's claims took place here.  Plaintiff's biometrics were collected in this County.

## FACTUAL BACKGROUND

**A.     Illinois's Biometric Information Privacy Act**

17.     In 2008, the Illinois Legislature enacted BIPA due to the "very serious need [for]
protections for the citizens of Illinois when it [comes to their] biometric information." Illinois
House Transcript, 2008 Reg. Sess. No. 276.

18.     BIPA, provides, *inter alia*, that:

    (1)    a private entity in possession of biometric identifiers or biometric information must publish a publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. *See* 740 ILCS 14/15(a).

    (2)    a private entity may not collect, capture, purchase, receive through trade, or otherwise obtain an individual's biometrics unless it:

        (1)    informs that person in writing that biometric identifiers or information will be collected or stored. *See* 740 ILCS 14/15(b)(1);

        (2)    informs that person in writing of the specific purpose and length of term for which such biometric identifier(s) or biometric information is being collected, stored, and used. *See* 740 ILCS 14/15(b)(2); and

        (3)    receives written consent from the person for the collection of his or her biometric identifiers or information. *See* 740 ILCS 14/15(b)(3).

---

https://developer.apple.com/documentation/corelocation/monitoring_the_user_s_proximity_to_geographic_regions ("[G]eofencing[] is a way for your app to be alerted when the user enters or exits a geographical region."); https://developer.android.com/develop/sensors-and-location/location/geofencing ("Geofencing combines awareness of the user's current location with awareness of the user's proximity to locations that may be of interest."); https://geotargetly.com/how-to-utilise-geo-block-to-control-what-your-visitors-access ("Geo Block, as straightforward as it sounds, is a tool that helps you restrict your content to users from specific locations.").

FILED DATE: 2/9/2024 5:26 PM   2024CH00870

(c)     a private entity may not sell, lease, trade, or otherwise profit from a person's biometrics. *See* 740 15/15(c).

(d)     a private entity may not disclose, redisclose, or otherwise disseminate a person's biometrics, except under certain circumstances. *See* 740 15/15(d).

(e)     a private entity must store, transmit, and protect an individual's biometric identifiers and biometric information using the standard of care for its industry and other confidential and sensitive information. *See* 740 14/15(e).

19.     BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10. A "biometric identifier" includes a "scan of . . . face geometry." *Id.*

20.     As alleged below, Defendant's failure to publish a publicly available written policy regarding its schedule and guidelines for the retention and permanent destruction of individuals' biometrics identifiers and biometric information violates BIPA § 15(a).

21.     Defendant's practices of collecting, storing, and using individuals' biometric identifiers (specifically, face geometry) and associated biometric information without obtaining informed written consent violate all three prongs of BIPA § 15(b).

22.     In addition, Defendant's practices of disclosing, redisclosing, and/or otherwise disseminating users' biometric identifiers and associated biometric information to Amazon (and/or other unknown third parties), without obtaining consent, violates BIPA § 15(d)(1).

**B.      Defendant Violates Illinois's Biometric Information Privacy Act**

23.     Defendant owns and operates several Apps that capture, collect, otherwise obtain, possess, store, and use the face geometry and associated personally identifying information of thousands of Illinois residents. The Apps work as follows.

24.     In the "WOMBO - Make your selfies sing" App, users could take or upload a

9

FILED DATE: 2/9/2024 5:26 PM    2024CH00870

photograph of their face to "transform" with Defendant's software:



25.     After a user did so, Defendant's software automatically and instantly captured, collected, and/or otherwise obtained said user's biometric face geometry by scanning their face and creating a set of biology-based measurements used to identify each individual user.

26.     Next, users could "[p]ick a [s]ong" presented in a list:



27.     Finally, Defendant possessed, stored, and used the *supra* face geometry data so that the App could bring the photograph of the user's face to life – animating and transforming it into a lip sync video (appearing as though the user was singing the picked song)[28]:

---

[28] https://www.youtube.com/watch?v=jltdwtoq--A.

FILED DATE: 2/9/2024 5:26 PM    2024CH00870



28.    In the "WOMBO Dream - AI Art Generator" App, to create art from a face photo, a user takes or uploads a photograph of their face, enters a text prompt describing the desired content, subject, details, form and/or composition for their art, and, optionally, select an art style to apply (i.e., "Abstract," "Expressionism," "Realistic," etc.):



11

FILED DATE: 2/9/2024 5:26 PM  2024CH00870

29.     Upon a user's taking or uploading such a face photo, Defendant's software automatically and instantly captures, collects, and/or otherwise obtains said user's biometric face geometry by scanning their face and creating a set of biology-based measurements used to identify each individual user.

30.     Then, Defendant possesses, stores, and uses the *supra* face geometry data so that the App can "paint" digital artwork(s) based on the user's face biometrics, entered text prompt, and selected art style.



31.     Users can also use the "WOMBO Dream - AI Art Generator" App to create an avatar.  Again, a user first takes or uploads a photograph of their face and enters a text prompt describing the desired content, subject, details, form and/or composition for their avatar:

FILED DATE: 2/9/2024 5:26 PM  2024CH00870



32.     Upon a user's taking or uploading such a face photo, Defendant's software automatically and instantly captures, collects, and/or otherwise obtains said user's biometric face geometry by scanning their face and creating a set of biology-based measurements used to identify each individual user.

33.     Then, Defendant possesses, stores, and uses this face geometry data to digitally render the user's avatar, such that the avatar and its artistic elements approximate the user and their real facial features.  The avatar can be used as a profile picture, character in virtual worlds, or other representations of the user:



FILED DATE: 2/9/2024 5:26 PM    2024CH00870

34.     In the "WOMBO Me - AI Avatar Maker" App, a user first takes or uploads a photograph of their face:



35.     Upon a user's taking or uploading such a face photo, Defendant's software automatically and instantly captures, collects, and/or otherwise obtains said user's biometric face geometry by scanning their face and creating a set of biology-based measurements used to identify each individual user.

FILED DATE: 2/9/2024 5:26 PM    2024CH00870

36.     Then, Defendant possesses, stores, and uses this face geometry data to digitally render the user's avatar, such that the avatar and its artistic elements approximate the user and their real facial features.  The avatar can be used as a profile picture, character in virtual worlds, or other representations of the user.  users may subsequently make visual adjustments with in-App editing and/or output training tools.[29]:



37.     Yet Defendant does not comply with BIPA.  Although Defendant has two Privacy Policies[30] neither so much as mentions the term "biometric."  Defendant *does* admit in its Privacy Policy pages, under a section entitled "Disclosure & Sharing[,]" that "[w]e temporarily relay information about your facial features to [Amazon Web Services to] enable the photo animation capabilities of WOMBO."[31]  But neither Plaintiff, nor any member of the Class, consented to the disclosure, redisclosure, or dissemination of their biometric identifiers and/or biometric information to any third party.  Within the Apps, themselves, users are never informed

---

[29] https://apps.apple.com/us/app/wombo-me-ai-avatar-maker/id6463660444.

[30] https://www.wombo.ai/privacy and https://www.w.ai/privacy-policy.

[31] *Id.*

FILED DATE: 2/9/2024 5:26 PM    2024CH00870

or consulted about biometrics prior to their selection of the Features.  Indeed, it seems that the

word "biometric" never appears in the Apps.

> 38.    Thus, unbeknownst to the average consumer, and in direct violation of BIPA,

Defendant:

> (1)    never published a publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.  *See* 740 ILCS 14/15(a).
>
> (2)    collected, captured, or otherwise obtained App users' biometrics (through facial geometry scans; *see supra*) without:
>
> > (1)    informing App users in writing that their biometric identifiers or information would be collected or stored.  *See* 740 ILCS 14/15(b)(1);
> >
> > (2)    informing App users in writing of the specific purpose and length of term for which such biometric identifiers or biometric information were being collected, stored, and used.  *See* 740 ILCS 14/15(b)(2); and
> >
> > (3)    receiving written consent from App users for the collection of their biometric identifiers or information.  *See* 740 ILCS 14/15(b)(3).
>
> (3)    possessed and disclosed, redisclosed, and/or otherwise disseminated users' biometric identifiers and biometric information without:
>
> > (1)    receiving the consent of users or their legally authorized representatives for this disclosure or redisclosure. *See* 740 ILCS 14/15(d)(1).

> 39.    If Defendant's face geometry scans were to fall into the wrong hands, by data

breach or otherwise, then unscrupulous entities could subvert App users' expectations of

personal privacy, grossly violate their respective senses of dignity, and otherwise flout notions

of common decency.   Biometrics can be used to glean copious amounts of sensitive

information about those who are subject to their collection, including age, gender, ethnicity,

socio-economic status, health conditions, and more.  This information can be utilized in

applications with pernicious, pervasive effects, including some which are "threatening or

FILED DATE: 2/9/2024 5:26 PM    2024CH00870

discriminatory[.]"[32]  This risk is palpable because Defendant makes disclosures to third parties.

40.    BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks inherent to the collection and storage of biometrics, and a right to know how long such risks will persist.

**C.    Plaintiff Emma Branson's Experience**

41.    Plaintiff Emma Branson has utilized a Wombo App (specifically the "WOMBO Dream - AI Art Generator") while located in Illinois, and numerous times, starting in or around November 2022.

42.    In the "WOMBO Dream - AI Art Generator" App, to create art from a face photo, Ms. Branson uploaded photos of her face, entered text prompts describing the desired content, subject, details, form and/or composition for her art, and selected an art style to apply.

43.    Upon Ms. Branson's taking or uploading her face photos, Defendant's software automatically and instantly captured, collected, and/or otherwise obtained Ms. Branson's biometric face geometry by scanning her face and creating a set of biology-based measurements used to identify her.

44.    Then, Defendant possessed, stored, and used the *supra* face geometry data so that the App could "paint" digital artworks based on her face biometrics, entered text prompt, and selected art style.

45.    And Defendant disclosed, redisclosed, and/or disseminated Plaintiff Branson's biometrics to Amazon and/or other unknown third parties, without her consent.

46.    Plaintiff Branson:

---

[32] https://www.nytimes.com/2021/09/12/opinion/voice-surveillance-alexa.html?referringSource=articleShare.

FILED DATE: 2/9/2024 5:26 PM    2024CH00870

(1)     never received a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information from Defendant. *See* 740 ILCS 14/15(a).

(2)     had her biometrics (facial geometry scans) collected, captured, or otherwise obtained by Defendant, through the App, without:

         (1)     having been informed in writing that her biometric identifiers or information would be collected or stored. *See* 740 ILCS 14/15(b)(1);

         (2)     having been informed in writing of the specific purpose and length of term for which such biometric identifiers or biometric information were being collected, stored, and used. *See* 740 ILCS 14/15(b)(2); and

         (3)     having furnished her written consent for the collection of their biometric identifiers or information. *See* 740 ILCS 14/15(b)(3).

(3)     had her biometrics disclosed, redisclosed, or otherwise disseminated to Amazon Web Services and/or other unknown third parties without her consent. *See* 740 ILCS 14/15(d)(1).

47.     By collecting and disclosing Plaintiff's unique biometrics without her consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to privacy in her biometrics.

## CLASS ALLEGATIONS

48.     **Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained, used, and/or disclosed, redisclosed, or otherwise disseminated to third parties, by Defendant in Illinois.

49.     The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (including current and former employees, officers, or directors); (3) persons who

FILED DATE: 2/9/2024 5:26 PM    2024CH00870

properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

50.    **Numerosity**: Pursuant to 735 ILCS 5/2-801(1), members of the Class are so numerous that their individual is impracticable.  On information and belief, members of the Class number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical.  Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.  Moreover, the Class is ascertainable and identifiable from Defendant's records.

51.    **Commonality and Predominance**: Pursuant to 735 ILCS 5/2-801(2), common and well-defined questions of fact and law exist as to all members of the Class and predominate over questions affecting only individual Class members.  These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, include but are not limited to, the following:

> (1)    whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

> (2)    whether Defendant disclosed, redisclosed, or disseminated Plaintiff's and the Class's biometrics to third parties, including, but not limited to, Amazon Web Services;

> (3)    whether Defendant published a publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. *See* 740 ILCS 14/15(a);

FILED DATE: 2/9/2024 5:26 PM    2024CH00870

(4)     whether Defendant informed App users in writing that their biometric identifiers or information would be collected or stored. *See* 740 ILCS 14/15(b)(1);

(5)     whether Defendant informed App users in writing of the specific purpose and length of term for which such biometric identifiers or biometric information were being collected, stored, and used. *See* 740 ILCS 14/15(b)(2);

(6)     whether Defendant received written consent from App users for the collection of their biometric identifiers or information. *See* 740 ILCS 14/15(b)(3);

(7)     whether Defendant received consent from App users for the disclosure, redisclosure, or dissemination of their biometric identifiers and biometric information to third parties. *See* 740 ILCS 14/15(d)(1);

(8)     whether Defendant used Plaintiff's and the Class's biometric identifiers or biometric information to identify them; and

(9)     whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

52.     **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained competent counsel experienced in prosecuting complex consumer class action. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff and her counsel can fairly and adequately represent and protect the interests of such a Class because their interests do not conflict with the interests of the Class members Plaintiff seeks to represent. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

53.     **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual

FILED DATE: 2/9/2024 5:26 PM   2024CH00870

litigation of the claims of all Class members is impracticable.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Moreover, even if every member of the Class could afford to pursue individual litigation, the Court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.  Individualized litigation would also present the potential for inconsistent or contradictory judgments, and it would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Class.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.  Plaintiff anticipates no difficulty in the management of this action as a class action.  Class-wide relief is essential to compel compliance with BIPA.

## CAUSES OF ACTION

### COUNT I – FOR DAMAGES AGAINST DEFENDANT'S VIOLATION OF 740 ILCS 14/15(A) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE

54.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

55.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

56.     BIPA § 15(a) mandates that companies in possession of biometrics establish and maintain a satisfactory biometric retention—and, importantly, deletion—policy.  Specifically, those companies must, at the time they first possess biometrics: (i) make publicly available a

FILED DATE: 2/9/2024 5:26 PM   2024CH00870

written policy establishing a retention schedule and guidelines for permanent deletion of

biometric data (at most three years after the company's last interaction with the individual); and

(ii) adhere to that retention schedule and actually delete the biometric information. *See* 740

ILCS 14/15(a).

57. Defendant failed to comply with these BIPA mandates.

58. Defendant is a corporation that does business in Illinois and thus qualifies as a

"private entity" under BIPA. *See* 740 ILCS 14/10.

59. Plaintiff is an individual who had her "biometric identifiers" (face geometry

scans) possessed by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

60. Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore,

constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

61. Defendant failed to publish a publicly available retention schedule or guidelines

for permanently destroying biometric identifiers and biometric information at the time of

possession, as specified by BIPA § 15(a). *See* 740 ILCS 14/15(a).

62. Defendant lacks retention schedules and guidelines for permanently destroying

Plaintiff's and the Class's biometric data. As such, the only reasonable conclusion is that

Defendant has not, and will not, destroy Plaintiff's and the Class's biometric data when the

initial purpose for collecting or obtaining such data has been satisfied.

63. On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2)

injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by

requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and

use of biometric identifiers and biometric information as described herein; (3) statutory damages

of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2)

FILED DATE: 2/9/2024 5:26 PM   2024CH00870

or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**COUNT II – FOR DAMAGES AGAINST DEFENDANT'S
VIOLATION OF 740 ILCS 14/15(B) – FAILURE TO OBTAIN INFORMED WRITTEN
CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC
IDENTIFIERS OR INFORMATION**

64.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

65.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

66.     BIPA § 15(b) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS 14/15(b)(1)-(3).

67.     Defendant failed to comply with these BIPA mandates.

68.     Defendant is a corporation that does business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

69.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected, captured, stored, and/or otherwise obtained by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

23

FILED DATE: 2/9/2024 5:26 PM   2024CH00870

70.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

71.     Defendant never informed Plaintiff, and never informed any member of the Class, in writing that their biometric identifiers and/or biometric information were being collected, captured, possessed, stored, otherwise obtained, and/or used, as required by 740 ILCS 14/15(b)(1).

72.     Nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used, and/or otherwise obtained, as required by 740 ILCS 14/15(b)(2).

73.     Additionally, Defendant collected, captured, stored, used, and/or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

74.     By collecting, capturing, storing, using, and/or otherwise obtaining Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA § 15(b).

75.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA § 15(b)'s requirements for the collection, capture, storage, use, and/or obtainment of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each

negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### COUNT III – FOR DAMAGES AGAINST DEFENDANT'S VIOLATION OF 740 ILCS 14/15(D)(1) – FAILURE TO OBTAIN CONSENT BEFORE DISCLOSING, REDISCLOSING, OR OTHERWISE DESSIMINATING BIOMETRIC IDENTIFIERS OR INFORMATION

76.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

77.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

78.     BIPA § 15(d)(1) makes it unlawful for any private entity "in possession of a biometric identifier or biometric information" to "disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless: … the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure[.]" 740 ILCS 14/15(d)(1).

79.     Defendant failed to comply with these BIPA mandates.

80.     Defendant is a corporation that does business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

81.     Plaintiff and the Class are individuals who have had their "biometric identifiers" possessed by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

82.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

83.     Neither Plaintiff, nor any member of the Class, consented to the disclosure, redisclosure, or dissemination of their biometric identifiers and/or biometric information to any third party, as required by 740 ILCS 14/15(d)(1).

FILED DATE: 2/9/2024 5:26 PM   2024CH00870

FILED DATE: 2/9/2024 5:26 PM 2024CH00870

84.     Nevertheless, Defendant admits in its Privacy Policy pages, under a section entitled "Disclosure & Sharing[,]" that "[w]e temporarily relay information about your facial features to [Amazon Web Services to] enable the photo animation capabilities of WOMBO."[33]

85.     By relaying information to Amazon Web Services about Plaintiff's and the Class's "facial features" (their biometric identifiers and biometric information, as described herein) without their consent, Defendant violated the provisions set forth in BIPA § 15(d)(1).

86.     In addition, Defendant admits in its Privacy Policy pages, under a section entitled "Disclosure & Sharing," that "All data we collect is . . . shared with third parties only when this is necessary to enable the functionality of the application's offerings."[34]

87.     By sharing information to unknown third parties about Plaintiff's and the Class's biometric identifiers and biometric information as described herein without their consent, Defendant violated the provisions set forth in BIPA § 15(d)(1).

88.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA § 15(d)(1)'s requirements preventing the disclosure, redisclosure, or dissemination of biometric identifiers and biometric information without consent as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

---

[33] https://www.wombo.ai/privacy and https://www.w.ai/privacy-policy.

[34] *Id.*

FILED DATE: 2/9/2024 5:26 PM    2024CH00870

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

(a)    Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel;

(b)    Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/15(a);

(c)    Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/15(b)(1)-(3);

(d)    Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/15(d)(1);

(e)    Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

(f)    Awarding injunctive and other equitable relief as is necessary to protect the interests of the Classes, including, *inter alia*, an Order requiring Defendant to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

(g)    Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

(h)    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

(i)    Awarding such other and further relief as equity and justice may require.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all issues so triable.

Dated: February 9, 2024          Respectfully submitted,

                              **BURSOR & FISHER, P.A.**

FILED DATE: 2/9/2024 5:26 PM   2024CH00870

By: */s/ Philip L. Fraietta*

Philip L. Fraietta (ARDC No. 6337165)
Julian Diamond (*Pro Hac Vice Forthcoming*)
Matthew Girardi (*Pro Hac Vice Forthcoming*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail: pfraietta@bursor.com
      jdiamond@bursor.com
      mgirardi@bursor.com

*Counsel for Plaintiff and the Putative Class*